UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-60952-CIV-DIMITROULEAS/HUNT

EDMARK PROPERTIES, LLC,
and RONALD J. WITKO
as Trustee of the
RONALD J. WITKO TRUST,

Plaintiffs,

v.

ARGAMAN GROUP, LLC,
and MIKHAEL E. KEIFITZ, JD, MBA, LNHA,
d/b/a the LAW OFFICES OF MIKHAEL E.
KEIFITZ, ESQ.,

Defendants.
_________________________________/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiffs' Verified Motion for Attorneys' Fees and Costs against Defendant Argaman Group, LLC. ECF No. 37. The Honorable William P. Dimitrouleas referred Plaintiffs' Motion to the undersigned for a report and recommendation. ECF No. 38; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the case file, and applicable law, the undersigned respectfully RECOMMENDS the Motion be GRANTED IN PART and DENIED IN PART as set forth below.

This action initially arose out of allegations that Defendants in this case breached their respective contracts with Plaintiffs. ECF No. 1. On June 25, 2025, the Clerk issued an entry of default as to Defendant Argaman Group LLC, and this Court ultimately entered

a Default Judgment against Argaman on August 1, 2025.[1] ECF Nos. 12; 25. In its order, the Court retained jurisdiction to consider Plaintiffs' attorneys' fees and costs. ECF No. 21. Plaintiff now moves for said fees and costs. No opposition to Plaintiffs' Motion was filed, and the matter is now ripe for review.

As an initial matter, the undersigned finds that Plaintiffs are entitled to reasonable attorneys' fees and costs. Under the "American Rule," litigants are not entitled to an award of attorney's fees for prevailing in litigation "unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (citation omitted). Pursuant to the contracts between Defendant Argaman and each Plaintiff, "[i]n any litigation permitted by this Contract, the prevailing party shall be entitled to recover from the non-prevailing party costs and fees, including reasonable attorney's fees, incurred in conducting the litigation." ECF No. 1-4 at ¶ 17; ECF No. 1-5 at ¶ 17. In the instant case, per the default judgment, Plaintiffs are the prevailing party. As the prevailing party, per the terms of the contract agreement, Plaintiffs are entitled to reasonable attorney's fees and costs.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A

[1] Although this case involves multiple defendants, this Motion concerns only Defendant Argamon Group. The remaining Defendant, while active in this litigation, was not named in the single count against Argaman Group. ECF No. 24. As such, the Court may consider the fees Motion. *See Gen. Star Nat'l Ins. Co. v. MDLV, LLC*, No. 21-24284-CIV-MORENO/GOODMAN, 2024 WL 3994657, at *1 n.1 (S.D. Fla. Aug. 13, 2024), *report and recommendation adopted*, No. 21-24284-CIV-MORENO/GOODMAN, 2024 WL 3983994 (S.D. Fla. Aug. 28, 2024). Further, Plaintiff avers the fees in question are attributable to work concerning Argaman Group.

reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

## I. Fees

A. Reasonable Hourly Rate

Plaintiff seeks attorneys' fees based upon professional services rendered. When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors. *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA/MATTHEWMAN, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered the attorneys' affidavits and the twelve factors. Because of their practice, reputation, and legal experience, counsel request the following hourly rates:

- Laura M. Reich, a partner in the litigation and arbitration department of Harper Meyer LLP who was admitted to the Florida Bar in 2006, requests a rate of $495.00 per hour.

- Juan B. Andrade Duenas, an associate in the litigation and arbitration department of Harper Meyer LLP who was admitted to the Florida Bar in 2023, requests a rate of $350.00 per hour.

Comparable fee awards indicate the proposed rates are within rates previously awarded in the Southern District. *See, e.g.*, *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848 (11th Cir. 2018) (determining that the average partner rate of $655.00 was reasonable); *Karpel v. Knauf Gips KG*, No. 21-24168-CIV-SCOLA, 2023 WL 22173, at *2 (S.D. Fla. Jan. 3, 2023) (finding that attorney rates ranging from $365.00 to $595.00 were reasonable).

Accordingly, the requested hourly rates are approved.

B. Hours Reasonably Expended

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

According to Defendant, Reich, a partner, spent 22.9 hours working on the case. Andrade, an associate, spent 3.5 hours on the case. The attorneys aver that these hours

were spent reviewing Plaintiffs' records, preparing the complaint, communicating with Plaintiffs, and preparing relevant motions. Having examined the docket and the included billing records, the undersigned finds the number of hours claimed reasonable.

C. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id*. at 554–56.

In this case, the undersigned finds no reason to depart from the lodestar calculation. Therefore, Defendant should be awarded $11,335.50 for Reich (22.9 hours at $495.00 per hour), and $1,225.00 for Andrade (3.5 hours at $350.00 per hour), for a total fees award of $12,560.50.

**II. Costs**

Plaintiffs also seek to recover from Defendant Argaman the $405.00 filing fee and the $110.00 fee for service of process on Defendant Argaman. Plaintiffs submitted appropriate documentation of these costs with their Motion. ECF No. 37-3. Accordingly,

Plaintiffs request that the Court award Plaintiffs the costs incurred in the amount of $515.00.

The costs of service and filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax). An exception arises when a Plaintiff uses a private process server. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. *See id.* 28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." It appears that the amount requested is slightly higher for the two items served than it would be for service by a U.S. Marshal, and therefore only $65.00 of that cost is recoverable. Plaintiffs should therefore be awarded costs of only $470.00.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiffs' Verified Motion for Attorneys' Fees and Costs against Defendant Argaman Group, LLC, ECF No. 37, be GRANTED to the extent that Plaintiff should be awarded attorney's fees in the amount of $12,560.50, and costs in the amount of $470.00, for a total award of $13,030.50. The Motion should otherwise be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 16th day of July 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record